UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANCISCA DURAN,

                            Plaintiff,

   -against-

J.B. HUNT TRANSPORT, INC., ROMANE ASTAVE and
FRANKLIN GONZALEZ,

                         Defendants.

-------------------------------------------------------------------- X

Docket No.:

New York State Supreme
Court, Bronx County:
Index No: 810656/2023E

**VERIFIED ANSWER**

**PLEASE TAKE NOTICE** that Defendants, J.B. HUNT TRANSPORT, INC. and ROMANE ASTAVE, by and through their attorneys, GORDON REES SCULLY MANSUKHANI, LLP, as and for a Verified Answer to the Plaintiff's Verified Complaint, respectfully allege the following upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Verified Complaint.

2.     Admit the allegations contained in paragraph "2" of the Verified Complaint.

3.     Deny the allegations contained in paragraph "3" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

4.     Deny the allegations contained in paragraph "4" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

5.     Deny the allegations contained in paragraph "5" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

6.     Deny the allegations contained in paragraph "6" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

7.     Deny the allegations contained in paragraph "7" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

8.     Admit the allegations contained in paragraph "8" of the Verified Complaint.

9.     Deny the allegations contained in paragraph "9" of the Verified Complaint.

10.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Verified Complaint.

11.    Admit the allegations contained in paragraph "11" of the Verified Complaint.

12.    Deny the allegations contained in paragraph "12" of the Verified Complaint.

13.    Admit the allegations contained in paragraph "13" of the Verified Complaint.

14.    Admit the allegations contained in paragraph "14" of the Verified Complaint that Defendant ROMANE ASTAVE operated and controlled the 2020 freightliner vehicle with license plate 2836878 as issued by the state of Indiana and otherwise deny the remaining allegations.

15.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Verified Complaint.

16.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Verified Complaint.

17.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Verified Complaint.

18.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Verified Complaint.

19.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Verified Complaint.

20.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Verified Complaint.

21.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Verified Complaint.

22.     Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Verified Complaint.

23.     Deny the allegations contained in paragraph "23" of the Verified Complaint.

24.     Deny the allegations contained in paragraph "24" of the Verified Complaint.

25.     Deny the allegations contained in paragraph "25" of the Verified Complaint.

26.     Deny the allegations contained in paragraph "26" of the Verified Complaint and refer all questions of law to the Court and questions of fact to the trier of fact.

27.     Deny the allegations contained in paragraph "27" of the Verified Complaint.

28.     Deny the allegations contained in paragraph "28" of the Verified Complaint.

29.     Deny the allegations contained in paragraph "29" of the Verified Complaint.

30.     Deny the allegations contained in paragraph "30" of the Verified Complaint.

31.     Deny the allegations contained in paragraph "31" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

In accordance with Article 14 of the CPLR, the answering defendants reserve their rights to assert in mitigation of damages the culpable conduct attributable to plaintiff, if any be shown.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE DEFENDANTS
RESPECTFULLY ALLEGE:**

The answering defendants reserve their right to claim the limitation of liability for non-economic loss provided pursuant to Article 16 of the CPLR.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE DEFENDANTS
RESPECTFULLY ALLEGE:**

Plaintiff assumed the risk of all the dangers intended upon the activity upon which plaintiff was engaged at the time of the alleged accident and are therefore barred from recovering on the claim asserted. All the damages and risk incident to the situation mentioned in the Complaint were open, obvious and apparent, and were known and assumed by plaintiff. In assuming the risks attendant with his conduct, plaintiff failed to act as a reasonable and prudent person with regard to his own safety and well-being.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE DEFENDANTS
RESPECTFULLY ALLEGE:**

These answering defendants did not breach any duty to plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE DEFENDANTS
RESPECTFULLY ALLEGE:**

To the extent that Plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitative services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, workers' compensation, employee benefits or other such programs, in accordance with the provisions of CPLR § 4545.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE DEFENDANTS
RESPECTFULLY ALLEGE:**

Any injuries sustained or suffered by plaintiff, as stated in the Verified Complaint herein, were caused in whole or in part by the comparative/contributory negligence of the plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The answering defendants allege, upon information and belief, that whatever injuries were sustained by plaintiff, or whatever damages were sustained by plaintiff at the time and place alleged in the Verified Complaint were the result of the culpable conduct of plaintiff and the answering defendants plead such culpable conduct in diminution of damages.  If a verdict or judgment is awarded to plaintiff, then and in that event, the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

If plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Verified Complaint, it was due to the culpable conduct of person or persons presently unknown.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

Pursuant to terms of the agreement between the parties, plaintiff has waived his right to recover the sums claimed therein and is estopped from bringing said action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The Verified Complaint fails to join appropriate parties in this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the Verified Complaint.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

Plaintiff's Verified Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The answering defendants reserve their right to claim the limitations of liability provided pursuant to General Obligations Law §15-108.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The action against these defendants are barred by the amended Federal Transportation Law enacted on August 10, 2005 (49 U.S.C. §30106).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

This answering defendants incorporate, by reference, as if more fully set forth herein, all defenses, both affirmative and otherwise, raised or asserted by all other answering defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

This Honorable Court lacks personal jurisdiction over the answering defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

This Honorable Court lacks jurisdiction over the subject matter at issue in this action.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The alleged injuries suffered by plaintiff were not proximately caused by the alleged accident at issue in this action or by any actions of the answering defendants.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

That Plaintiff does not have legal standing to bring this action.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

If plaintiff has suffered any damages, as alleged in the Verified Complaint, such damages are the result of acts or omissions of third-parties over whom defendants have no control or right of control, without defendants contributing thereto in any way.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

If plaintiff did not sustain a serious injury as defined in § 5101 of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

If plaintiff did sustain an economic loss in excess of "basic economic loss" as defined in § 5102(a) of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

Plaintiff failed to utilize appropriate and available seatbelt restraints. Such failure is

pleaded as both a complete and partial defense as well as in mitigation of any and all damages.

In failing to exercise ordinary care in making use of available seatbelt restraints, plaintiff acted

unreasonably and disregarded plaintiff's own best interests.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE DEFENDANTS RESPECTFULLY ALLEGE:

The defendants were not negligent and acted reasonably and prudently based upon the

sudden unexpected and/or emergency circumstances presented.

**WHEREFORE**, Defendants, J.B. HUNT TRANSPORT, INC. and ROMANE

ASTAVE, demand judgment dismissing the Verified Complaint, together with the attorneys'

fees, costs and disbursements of this action.


Dated:        Harrison, New York
              November 3, 2023

                              Yours, etc.

                              GORDON REES SCULLY
                              MANSUKHANI, LLP

                              By:  *Rachel Gruenberg*
                                   Rachel Gruenberg, Esq. (RG 7275)
                                   *Attorneys for Defendants*
                                   J.B. HUNT TRANSPORT, INC. and
                                   ROMANE ASTAVE
                                   500 Mamaroneck Avenue, Suite 503
                                   Harrison, New York 10528
                                   File No.: JBHUNT - 1329162

TO:
Albert Zaponte, Jr., Esq.
Attorney for Plaintiff
215 Uniondale Avenue
Uniondale, NY 11553
(516) 505-7001

8

Jonathan C. Goltzman, Esq.
Law Office of Dennis C. Bartling
Attorneys for Defendant Franklin Gonzalez
2 Huntington Quadrangle, Suite 1N01
Melville, New York 11747
516-229-4333

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF WESTCHESTER  )

RACHEL GRUENBERG, an attorney duly admitted to practice before the Courts of this State, affirms under C.P.L.R. Rule 2106, as follows:

1. I am a member with the law firm of GORDON REES SCULLY MANSUKHANI, LLP, attorneys for the answering Defendants in this action. I have read the preceding Answer and know its contents. Its contents are true to my own knowledge, except as to those matters that are stated to be alleged upon information and belief.

1. As to those matters which are alleged upon information and belief, I believe them to be true.

2. The grounds of my belief as to those matters that are not stated upon my own knowledge are the contents of the file maintained in connection with this matter by my office.

3. This affidavit is made by me and not by the answering Defendants since the answering Defendants are not located in the same county within which your Affiant maintains her office.

Dated: Harrison, New York
       November 3, 2023

_Rachel Gruenberg_
Rachel Gruenberg